UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                        CASE NO.

CEDAR CREEK FIBERS, LLC                       03-00838-8-ATS

      DEBTOR

ORDER DENYING MOTION TO ENJOIN PROCEEDINGS

The matter before the court is the chapter 7 trustee's motion to stay foreclosure and enjoin state court proceedings. A hearing took place in Raleigh, North Carolina on July 13, 2005.

Cedar Creek Fibers, LLC filed a petition for relief under chapter 7 of the Bankruptcy Code on January 29, 2003, and Shawna Y. Staton was appointed trustee. On the petition date, the debtor owned real property in Fayetteville, North Carolina, as well as some machinery located inside its plant. The personal property was sold free and clear of liens pursuant to an order entered on May 10, 2004, and the real property was sold free and clear of liens pursuant to an order entered June 10, 2004. The order of June 10, 2004, specifically provided that any encumbrances on the real property would attach solely to the sale proceeds of the personal property.

On June 17, 2005, the trustee filed an emergency motion to stay foreclosure and enjoin state court proceedings, contending that the Cumberland County Tax Office was threatening to foreclose on the real property unless the property taxes for 2003 and 2004 were paid by June

30, 2005.  The trustee also indicated that she was challenging the tax valuation of the real property to determine the amount of taxes due at the time of the sale, and that she intended to remove the valuation proceedings to the bankruptcy court.  The trustee's motion requests a stay of the threatened foreclosure proceedings and an injunction of the state court proceedings related to the property value.

The Cumberland County Tax Department opposes the motion, noting first that it has not threatened or initiated a foreclosure action, and that it is prohibited from taking any action to collect the taxes while the trustee's appeal related to the property value is pending.  The Tax Department also acknowledges that its lien is on the proceeds of the personal property, and not on the real property.[1]  Based on the representations that no foreclosure is pending or contemplated, the trustee's motion to stay foreclosure proceedings will be denied.

The second piece of the trustee's motion is somewhat more complex. The trustee retained special counsel to challenge the appraised value of the real property with the Cumberland County Board of Equalization and Review.  Though the appraised value was lowered somewhat in that proceeding (from over $5 million to over $4 million), the trustee contends that the value is still significantly inflated and she filed

---

[1] To the extent there is any uncertainty about the meaning of the order dated June 10, 2004, all tax liens, whether arising from real or personal property taxes owed, were stripped from the real property and attach solely to the sale proceeds.

2

an appeal to the North Carolina Property Tax Commission.[2]  Based on a letter received from the state tax commission, the trustee is concerned that the appeal will not be resolved for some time, resulting in a substantial delay in the administration of the estate.  In addition, there are other proceedings to take place in this court that squarely address the question of valuation of the real property, and the trustee believes the possibility exists that this court and the state tax commission will reach inconsistent verdicts on the issue.

The Cumberland County Tax Department does not question this court's jurisdiction to determine the value of the property, but raises the issue of comity.  It contends that the North Carolina Property Tax Commission specializes in resolving exactly the matters in question, and further points out that the trustee elected the state forum by appealing the Cumberland County Board of Equalization and Review's determination to the tax commission.

The court agrees that this matter needs to be resolved promptly so that the estate may be administered.  On the other hand, the North Carolina Property Tax Commission is the appropriate forum for the determination of the property value for the purpose of tax assessment. The trustee's motion will be denied, but the parties are to make

---

[2] After one year of marketing the property, the trustee was only able to realize $580,000 in the sale approved by the court on June 10, 2004.

3

efforts to expedite the proceedings before the tax commission.[3]  The court will expect a report from the parties as to the likelihood that the proceedings will be hastened in the state forum.  If it appears that the matter will be delayed, this court will consider exercising its jurisdiction over these issues pursuant to 11 U.S.C. § 505.

Based on the foregoing, the trustee's motion to stay foreclosure and enjoin state court proceedings is **DENIED.**

**SO ORDERED.**

**DATED:  July 14, 2005**

A. Thomas Small
United States Bankruptcy Judge

---

[3]Nothing in this order precludes the trustee from filing an objection to the claim of the Cumberland County Tax Department or a motion pursuant to 11 U.S.C. § 505; however, the court will not consider any objection or motion directly related to this issue until it appears that the state forum will not proceed expeditiously.

4