

**SO ORDERED.**

**SIGNED this 05 day of October, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **CEDAR CREEK FIBERS, LLC** | **03-00838-8-ATS** |
| **DEBTOR** | |

### ORDER REGARDING APPLICATION FOR ADMINISTRATIVE EXPENSES

The matter before the court is the application for administrative expenses filed by Wellman, Inc. A hearing took place in Raleigh, North Carolina on September 11, 2007.

Cedar Creek Fibers, LLC filed a petition for relief under chapter 7 of the Bankruptcy Code on January 29, 2003, and Shawna Y. Staton was appointed trustee. Gerald A. Jeutter, Jr. was substituted as trustee on April 3, 2007. Prior to filing bankruptcy, Cedar Creek operated a textile manufacturing facility in Cumberland County, North Carolina. The assets of the facility, including the real property, buildings, and machinery, were purchased on June 18, 2002, from Fiber Industries, Inc., a wholly owned subsidiary of Wellman. Under the purchase agreement, Cedar Creek and Wellman agreed to pro-rate the 2002 property taxes due for the assets.

According to Wellman's motion, the facts of which are not disputed, Wellman believed that the value of the personal property assessed by Cumberland County was too high, and Wellman caused Fiber Industries to file a personal property tax appeal. While the appeal was pending, Wellman made a partial payment of $190,000 in January 2003, prior to the petition date. Wellman then negotiated a substantial reduction in the 2002 personal property tax that resulted in a total 2002 tax liability for both real and personal property of $224,608.91. After accounting for Wellman's payment of $190,000 and accrued interest of $2,249.58, a balance of $36,858.50 remained for the 2002 taxes. Additional interest was to accrue after July 31, 2003. Wellman paid the balance of $36,858.50 by check dated July 25, 2003.

Wellman contends that the taxes shown on Cumberland County's proof of claim, which have been paid in full through the combination of Wellman's payment and its negotiation of a reduced value for the personal property, were secured by a lien on the real property at the facility. When the real property was sold free and clear of liens pursuant to an order dated June 10, 2004, the liens attached to the sale proceeds of the personal property assets of the estate. The trustee filed a motion for payment of Cumberland County real property taxes from those proceeds, advising that the personal property sold for $320,000, and requesting authority to pay Cumberland County $54,029.87 for the 2003 and 2004 tax years.

Wellman contends that had it not made the postpetition payment of $36,858.50 to Cumberland County for the 2002 taxes, there would have been an additional lien on the real property in that amount. As a result, Wellman maintains, it conferred a direct benefit on the estate in the amount of $36,858.50, and it should be allowed an administrative expense in that amount.

The trustee does not disagree with the facts, but does oppose the allowance of an administrative expense in any amount. Under North Carolina law, Wellman was obligated to Cumberland County for the 2002 taxes in their entirety, as it owned the assets as of January 1, 2002. Cedar Creek was responsible for one-half of the taxes only through its agreement with Wellman, but had no personal liability to the county. As a result, the trustee maintains, Wellman is entitled only to an unsecured claim for one-half of the payment. The trustee also contends that the claim is time-barred by the three-year statute of limitations in North Carolina General Statute § 1-52.

Administrative expenses are governed by 11 U.S.C. § 503. Wellman contends that it is entitled to an administrative expense claim pursuant to § 503(b)(1)(A), which provides for allowed administrative expenses for "the actual, necessary costs and expenses of preserving the estate." The court agrees that the payment to Cumberland County resulted in a benefit to the estate by virtue of a reduction in the lien that would otherwise have been paid out of the sale proceeds. However, because the debtor would have had a claim back against Wellman for one-half of the lien amount had the debtor paid the taxes out of the proceeds, Wellman is entitled to an administrative expense only for one-half of the taxes it paid postpetition.

North Carolina General Statute § 1-52 establishes a three-year statute of limitation for breach of contract actions. Wellman maintains that it is not seeking reimbursement of the tax payment pursuant to the sale contract, but for the voluntary benefit it conferred on the estate by paying the taxes. Because no bar date has been set in the bankruptcy case for filing administrative expense claims, Wellman contends, the application is timely. The court agrees that the statute of limitations does not apply to the facts before it, and the application is timely.

Based on the foregoing, the application for an administrative expense claim in the amount of $18,429.25 is **ALLOWED**, while the application with respect to the other one-half of the payment to Cumberland County is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**